(Hamilton County Common Pleas.)
### BURNS v. SOLOMON.

---

Liability of owner of tenement house for injury of a tenant's child from a falling gutter—The owner of a tenement house, having control thereof, renting rooms to various tenants from month to month, is liable in a suit by the infant child of a tenant for injuries occasioned by the fall on the child in a portion of the premises where it had the right to be, of a dangerous and defective gutter.

HOLLISTER, J.

Plaintiff, an infant under fourteen years of age, lived with his father who was, with others, and their families, a tenant from month to month of the defendant. who owned the premises in which they lived. The common means of ingress and egress was a yard. Overhanging the yard, along the roof of the building was a gutter, which was rotten and in a dangerous condition, of which the defendant had knowledge. The plaintiff was not aware of its condition. In going through the yard it was necessary to pass under the gutter. The gutter, by reason of its condition, broke off and fell on the plaintiff as he was going through the yard, whereby he suffered serious injury.

The defendant demurs.

This is not a case where the landlord covenants to repair and fails to do so. It does not come within the class of cases where the landlord, although covenanting, is absolved from liability for injuries to the licensees of the tenant; nor does it strictly belong to that kind of cases where the landlord is liable to a stranger passing along the highway.

The tenant has not possession of the entire premises; on the contrary, the petition alleges that the landlord was in possession and control of the premises. There was therefore no duty imposed on the tenant to repair. Doubtless the tenant could not recover for an injury received through a defect as apparent to him as to the landlord. But this is not a case between the tenant and the landlord, but between the infant son of the tenant, and the landlord.

In this state no knowledge or negligence on the parents' part is imputable to their infant child, and similarly the child's rights could not be lost by reason of the fact that through no volition of his own his father should take him to live in an unsafe place.

The petition states a good cause of action, and the demurrer will be overruled.

Dustin, English & Winslow, for the plaintiff.

Maxwell & Wilson, for defendant.